UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00190-BR

| | | |
|---|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) | |
| RANDY T. GARRETT, | ) ) | |
| Defendant. | ) | |

This case is before the court on plaintiff's motion for default judgment. Despite having been served with copies of the motion and supporting documents, defendant has not responded.

Defendant, as President of Mainline Contracting, Inc. ("Mainline"), executed several Long-Term Rental Agreements with plaintiff to lease equipment from plaintiff. (Compl. ¶¶ 6-7). Defendant, as President of Mainline, executed a Security Agreement with Gregory Poole Equipment Company ("Poole") by which Poole provided Mainline with financing to lease equipment from plaintiff. (Id. ¶¶ 8-9). Poole subsequently assigned the Security Agreement to plaintiff. (Id. ¶ 11). Defendant executed personal guaranties of Mainline's obligations under the subject agreements.[1] (Id. ¶ 13). Mainline failed to make monthly payments as required by the agreements. (Id. ¶ 14).

The Clerk entered default against defendant on 10 June 2011. Plaintiff has demanded

---

[1] Plaintiff attached copies of guaranties for the agreements executed in 2007 only and did not attach copies of guaranties for the agreements executed in 2006. However, by virtue of the entry of default, defendant is deemed to have admitted to the allegation in plaintiff's complaint that defendant executed all the referenced guaranties. See Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) (holding by virtue of default, defendant is deemed to have admitted the factual allegations of the complaint).

that defendant pay the outstanding balance of $1,006,191.51 and defendant has failed to do so. (Compl. ¶ 18). Plaintiff seeks judgment against defendant for the outstanding balance with interest accruing from 13 January 2011 at the highest legal rate until judgment and at the highest legal rate thereafter. (Id. at 5). In addition, plaintiff seeks attorney's fees and costs. (Id.)

Having shown defendant has breached the guaranties, plaintiff is entitled to recover $1,006,191.51. As for attorney's fees, plaintiff seeks to recover 15% of the outstanding balance owed pursuant to N.C. Gen. Stat. § 6-21.2. (Id. ¶ 18). However, the North Carolina statute is inapplicable, because provisions in the Long-Term Rental Agreements and Security Agreement establish Tennessee law as the governing law. (See id., Ex. A. 18 & Ex. B 13). See also Tanglewood Land Co. v. Byrd, 261 S.E.2d 655, 656 (N.C. 1980) (recognizing that choice of law provisions in contracts are valid and enforceable in North Carolina). Under Tennessee law, when the parties' contract expressly provides that the prevailing party is entitled to reasonable attorney's fees to enforce their contract, the prevailing party is entitled to recover its reasonable attorney's fees. Wilson Mgmt. Co. v. Star Distribs. Co., 745 S.W.2d 870, 873 (Tenn. 1988); McNeil v. Nofal, 185 S.W.3d 402, 413 (Tenn. Ct. App. 2005). In such circumstances, the trial court has discretion to determine the amount of the attorney's fee that is reasonable. See Wilson Mgmt., 745 S.W.2d at 873-74. Although the agreements provide that plaintiff may recover its attorney's fees (see Compl., Ex. A. 12 & Ex. B 10), plaintiff has not submitted any documents to enable the court to determine a reasonable amount for the attorney's fees, and therefore the court will not make such determination at this time. Plaintiff is free to file an appropriate motion.

With respect to prejudgment interest, under Tennessee law, courts are permitted to award

2

such interest as an element of damages in accordance with the principles of equity. Tenn. Code Ann. § 47-14-123(3). It may be awarded at any rate not in excess of a maximum effective rate of ten percent per annum. Id. Interest begins accruing upon the date of breach or default. Lativafter Liquidating Trust v. Clear Channel Commc'ns, Inc., No. 3:05-CV-578, 2008 WL 2697351, at *8 (E.D. Tenn. 2008), aff'd, 345 Fed. Appx. 46 (6th Cir. 2009). The court finds the federal legal rate to be an appropriate rate of prejudgment interest. See id. (finding an interest rate consistent with the actual interest rates during the relevant period to be an appropriate prejudgment rate).

Plaintiff may file an application for costs, which the Clerk may award.

Plaintiff's motion for default judgment is ALLOWED IN PART. It is hereby ORDERED, ADJUDGED, and DECREED that plaintiff shall have and recover of defendant the sum of $1,006,191.51, with interest thereon at the rate of .25%[2] per annum accruing from 13 January 2011 until the date of entry of this judgment and at the rate of .19% per annum in accordance with 28 U.S.C. § 1961 from the date of the entry of judgment until paid.

This 12 July 2011.

                                                W. Earl Britt
                                                Senior U.S. District Judge

---

[2] The court used the average monthly rate for January through May 2011 to calculate this rate. See 28 U.S.C. § 1961; www.federalreserve.gov/releases/h15/data.htm.